UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYGHE JAMES MULLIN,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY, et al.,<br><br>Defendants. | Case No. 23-cv-04399-AMO (PR)<br><br>**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 30 |

## I.   INTRODUCTION

Before the Court is Defendants' motion to dismiss Plaintiff Tyghe James Mullin's third amended complaint ("TAC"), which is the operative complaint in this action and stems from alleged constitutional violations during his arrest on May 1, 2022.  Dkt. 30.  Defendants move to dismiss the TAC on the grounds that: (1) Plaintiff fails to allege sufficient facts to state a claim for relief against any of the named Defendants, and (2) Defendants are entitled to qualified immunity for their alleged actions or inactions.  *Id.*

For the reasons discussed below, the Court **DENIES** the motions to dismiss and schedules further proceedings in this action.

## II.   DISCUSSION

### A.   Failure to State a Claim for Relief

The Court first considers Defendants' argument that Mullin's TAC fails to state a claim for relief against them in this action.  *Id.* at 5-12.

Dismissal for failure to state a claim is a ruling on a question of law.  *See Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  "The issue is not whether the plaintiff ultimately will prevail, but whether he is entitled to offer evidence to support his claim."  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  Review is limited to the contents

of the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). This review includes documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *See Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *See Symington*, 51 F.3d at 1484. Finally, *pro se* complaints must be liberally construed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citations omitted); *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) ("'*Pro se* complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'")

The Court screens the TAC under 28 U.S.C. § 1915A, which requires the Court to dismiss, among other things, any claims that "fail to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915A. Based on such a review, the Court finds that Mullin's allegations against Defendants in his TAC, when liberally construed, appear to state the following claims for relief: (1) a Fourteenth Amendment excessive force claims against Defendants stemming from their actions involving the use of a San Jose Police Department ("SJPD") canine during the May 1, 2022 arrest; and (2) a municipal liability claim against Defendants.

Based on this Court's screening of the TAC, the pending motion to dismiss rarely will be successful, especially in light of the requirement that *pro se* complaints be liberally construed. *See Twombly*, 550 U.S. at 570. Accordingly, Defendants' motion to dismiss on the ground of failure to state a claim is **DENIED** as to the excessive force and municipal liability claims against Defendants. Again, Mullin's allegations in the TAC, when liberally construed, appear to state these cognizable claims for relief against Defendants. And as explained below, Defendants' alternative ground for dismissal—that they are entitled to qualified immunity for their alleged actions or inactions—is more properly raised in a motion for summary judgment.

### B.    Qualified Immunity

Defendants also assert that they are entitled to the defense of qualified immunity. Dkt. 30 at 17-19. Qualified immunity protects "government officials . . . from liability for civil damages

United States District Court
Northern District of California

2

United States District Court
Northern District of California

insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The rule of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law;" defendants can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation. *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (internal quotation and citation omitted) *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "Therefore, regardless of whether the constitutional violation occurred, the [official] should prevail if the right asserted by the plaintiff was not 'clearly established' or the [official] could have reasonably believed that his particular conduct was lawful." *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991). A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson*, 555 U.S. at 236 (overruling the sequence of the two-part test that required determination of a deprivation first and then whether such right was clearly established, as required by *Saucier* and holding that court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case). Qualified immunity is particularly amenable to summary judgment adjudication. *Martin v. City of Oceanside*, 360 F.3d 1078, 1081 (9th Cir. 2004).

Here, Defendants bring this motion for qualified immunity as a motion to dismiss, pursuant to Rule 12(b)(6). In support of this motion, Defendants rely solely on the TAC. Defendants have submitted no other declarations or evidence outside the pleadings relevant to a qualified immunity determination. Meanwhile, as explained above, the Court has already determined that Mullin has adequately alleged a Fourth Amendment excessive force claim and municipal liability claim against Defendants, stemming from the May 1, 2022 incident. During the time period of the alleged acts, the law was clearly established that officials are precluded from using unnecessary force against arrestees. However, the question—of whether Defendants could reasonably have believed that their conduct was lawful—is more properly resolved on a motion for summary judgment, when Defendants are entitled to present evidence on his behalf and the Court may

properly consider such evidence. *See, e.g.*, *Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999) (affirming the district court's denial of a dismissal motion on grounds of qualified immunity because the court's review is confined only to the contents of the complaint). Thus, for the purposes of the instant motion, the Court cannot resolve the issue of whether Defendants are entitled to qualified immunity. Therefore, the Court DENIES Defendants' motion to dismiss on the basis of qualified immunity. Again, the denial is without prejudice to Defendants renewing the qualified immunity defense in a motion for summary judgment, if appropriate.

Accordingly, the motion to dismiss is **DENIED**, and the parties shall abide by the following briefing schedule outlined below.

## III.   CONCLUSION

For the foregoing reasons, the Court orders as follows,

1.      Defendants' motion to dismiss is **DENIED** without prejudice to refiling any arguments in a motion for summary judgment.

2.      No later than **thirty (30) days** from the date of this Order, the defendants shall answer the TAC in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a.      No later than **sixty (60) days** from the date their answer is due, the defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that the plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under this Circuit's case law, in the rare event that

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

United States District Court
Northern District of California

a failure to exhaust is clear on the face of the TAC, the defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the TAC, the defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to the plaintiff shows a failure to exhaust, the defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If the defendants are of the opinion that this case cannot be resolved by summary judgment, the defendants shall so inform the Court at least **seven (7) days** prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on the plaintiff.

b.    The plaintiff's opposition to the dispositive motion shall be filed with the Court and served on the defendants no later than **twenty-eight (28) days** after the date on which the defendants' motion is filed.

c.    The plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your TAC says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as

provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

The plaintiff also is advised that—in the rare event that the defendants argue that the failure to exhaust is clear on the face of the TAC—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your TAC insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse the defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

d.    The defendants shall file a reply brief no later than **fourteen (14) days** after the date the plaintiff's opposition is filed.

e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to the defendants to

United States District Court
Northern District of California

6

depose the plaintiff and any other necessary witnesses confined in prison.

4.      All communications by the plaintiff with the Court must be served on the defendants' counsel by mailing a true copy of the document to them.

5.      It is the plaintiff's responsibility to prosecute this case.  The plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Pursuant to Northern District Local Rule 3-11, a self-represented party whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the self-represented party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the self-represented party indicating a current address.  *See* L.R. 3-11(b).

6.      Future requests for extensions of time must be submitted at least **seven (7) days** prior to the expiration of a deadline, as required by Section D.2 of the Court's Standing Order for Civil Cases.

**IT IS SO ORDERED.**

Dated:  February 19, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

7